# LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

**15 Barclay Road**
**Scarsdale, New York  10583**
**e-mail: ml@LevLaw.org**
**Fax  (914) 725-4778**
**Telephone  (914) 600-4288**

December 21, 2021

<u>**Via ECF and email**</u>

Hon. Robert D. Drain
U.S. Bankruptcy Court
300 Quarropas Street
White Plains, NY 10601-4140

<u>*Re: Yeshiva Chofetz Chaim v. Yeshiva Chofetz Chaim (21-7033)*</u>

Dear Judge Drain:

The undersigned is counsel to certain of the Defendants in the above-referenced Adversary Proceeding.  This matter is on tomorrow for a hearing on Plaintiff's motion for a remand.  We previously submitted the Defendants' opposition to that motion, stand b the same, and write only to update the Court on two issues.  First, we asserted, at page 14 in our Opposition Memorandum, that Rabbi Mayer's appeal from this Court's dismissal of his original adversary proceeding (which sought virtually identical relief in several regards to what he now seeks in the Adversary Proceeding at issue here) was then *sub judice* before the District Court.  We pointed out at that, if Rabbi Mayer was unsuccessful in that appeal, this Court's prior dismissal order would be *res judicata* (or, at least, collateral estoppel), on the issues presented in the instant Adversary Proceeding.  As the Court is aware, on December 7, 2021, the District Court affirmed this Court's dismissal order [DE-49 in Docket No. 21-cv-02872].[1]  Therefore, the Complaint in the present Adversary Proceeding seeks to obtain relief which has, to a great extent, already been determined by this Court's now affirmed prior dismissal order.  Remand is simply not appropriate where, like here, the Adversary Proceeding seeks relief contrary to the disposition that this Court has already made, and which has now been affirmed.

Secondly, when we last appeared in this matter before the Court, the Court suggested that counsel explore the possibility of a consensual remand if the allegations that affect this Court's prior dismissal order were removed from the Complaint.  We did so, and Plaintiff offered to "agree to dismiss" the constructive trust cause of action *after* a remand.  However, it is not simply that cause of action that is the issue, it is the additional allegations in the Second Amended Complaint that also led to the necessity for removal.  Had Plaintiff offered to withdraw the Second Amended

---

[1]   Rabbi Mayer Zaks has other appeals pending which still would, if successful, impact the allegations in the present Adversary Proceeding.  But the salient point is that there is now an *affirmed* order of this Court which the instant Adversary Proceeding, if determined in another forum in a contrary manner, would adversely affect.

## LEVINE & ASSOCIATES, P.C.
### ATTORNEYS-AT-LAW

Hon. Robert D. Drain
Page 2

December 21, 2021

Complaint in its entirety and revert to the prior amended complaint (which the motion to dismiss in the then-pending State Court Action addressed), our position would have been different. However, as we advised Plaintiff's counsel, the Second Amended Complaint ("SAC") is replete with allegations (i) concerning Mosdos Chofetz Chaim Inc., (ii) that Rabbi Aryeh Zaks and Henoch Zaks supposedly breached their purported fiduciary duties *to Mosdos* (which claims this Court has already rejected), and (iii) that the assignment of a mortgage on property previously owned by Mosdos (which was contemplated in the Confirmed Plan) was "improper" [see, for example, ¶¶ 68,69, 70, 71, 72, 74, 75, 78, 79, 80, 81, 83, 85, and 88 of the SAC"].  Secondly, the causes of action in the SAC (in addition to the Third Cause of Action for a constructive trust) assert alleged breaches of fiduciary duty and fraudulent concealment related to, *inter alia*, the assignment by a nonparty lender to Shem Olam (a nonparty as well) of a mortgage note on property then belonging to Mosdos (also a nonparty).  Third, allegations of a breach of fiduciary duty and/or fraudulent concealment related to the conveyance of the property formerly owned by Mosdos, and the assignment of the mortgage note related thereto, were the *direct* subjects of the prior (and now dismissed with prejudice) original adversary proceeding commenced by Rabbi Mayer Zaks.

Therefore, offering to withdraw only the third cause or action seeking to impose a constructive trust on a mortgage note does not alleviate the facts that (i) the complaint still makes allegations and monetary claims that have already been entirely disposed of by this Court, which disposition is now affirmed by the District Court, and (ii) the present action otherwise relates directly to issues regarding Mosdos, the Debtor in the underlying Bankruptcy case, and necessarily seeks to contradict the prior orders of this Court.  Plaintiff's representations that this Adversary Proceeding is simply to determine "corporate governance" of Yeshiva Chofetz Chaim Inc., is simply inaccurate.

Thank you for your attention.

Respectfully,

s/ *Michael Levine*

MICHAEL LEVINE

cc.    Joseph Churgin, Esq. (via email)